IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEBRA A. GUENTHER, | ) | CASE NO. 8:07CV454 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| TIME INSURANCE, Company, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge F.A. Gossett recommending remand of this case based on his conclusion that the value of the Plaintiff's claim does not exceed $75,000 in order to vest diversity jurisdiction with this Court. (Filing No. 18).

The Plaintiff filed a Complaint in Nebraska state court alleging that she purchased health insurance from the Defendant, incurred medical expenses, and the Defendant wrongfully refused to provide coverage for these expenses. The Complaint states that the Plaintiff seeks compensatory damages for breach of contract in the amount of $11,850.09, unspecified damages based on a claim that the Defendant acted in bad faith, and attorney's fees pursuant to Neb. Rev. Stat. §44-359.

The Defendant filed its notice of removal pursuant to 28 U.S.C. §§1332 and 1441, alleging that this Court has diversity jurisdiction and the amount in controversy, exclusive of costs, exceeds $75,000. The Plaintiff filed a Motion to Remand indicating that "the amount in controversy does not exceed the federal jurisdictional amount necessary for diversity jurisdiction." (Filing No. 8). The Magistrate Judge entered his Report and Recommendation finding that the Defendant had not shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum amount of

$75,000.  The Defendant objected to the Report and Recommendation as allowed by 28 U.S.C. § 636(b)(1) and NECivR 72.3.  In its objection, the Defendant asserts that the Magistrate Judge failed to apply the proper legal standard and erroneously concluded that the potential combined value of the Plaintiff's claim did not exceed $75,000.  (Filing No. 19).  The Defendant contends that while the breach of contract award will be, at most, $11,850.09, a combined award including the bad faith claim, estimated to be between $20,000 and $30,000, and the claim for statutory attorney's fees, estimated to exceed $50,000, will result in an award exceeding the $75,000 threshold.

Pursuant to NECivR 72.3, a magistrate judge's recommendation concerning remand is reviewed *de novo,* and the objecting party is required to file a statement of objection specifying the portions of the recommendation to which the party objects.  The Court may accept, reject, or modify, in whole or in part, a magistrate judge's findings or recommendations.

A district court is required to resolve all doubts about federal jurisdiction in favor of remand.  *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 624 (8th Cir.1997).  The burden is on the party invoking federal jurisdiction to show by a preponderance of the evidence the claims originally asserted by plaintiff could legally satisfy the amount in controversy requirement.  *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).  Thus, in a removed case, it is the defendant who must prove by a preponderance of evidence that the amount in controversy exceeds $75,000.

If the court is satisfied to a legal certainty, from the face of the pleadings or from the proofs, "that the plaintiff never was entitled to recover [the jurisdictional] amount," the court lacks jurisdiction.  *Zunamon v. Brown*, 418 F.2d 883 (8th Cir. 1969); *St. Paul Mercury*

*Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 287 (1938); *see also James Neff Kramper Family Farm*, 393 F.3d at 831 (stating that if it appears to a legal certainty that the plaintiff cannot in good faith claim the jurisdictional amount, dismissal for lack of subject matter jurisdiction is warranted).  An amount that a plaintiff claims is not "in controversy" if no fact-finder could legally award it.  *See Kopp v. Kopp*, 280 F.3d at 885.

Even if the defendant may be liable for an amount in excess of $75,000, the plaintiff may avoid federal jurisdiction or thwart attempts at removal by claiming less than the jurisdictional amount in the complaint.  *See St. Paul Mercury Indemnity Co.,* 303 U.S. at 294 ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.").  An affidavit showing the plaintiff did not seek more than $75,000 in the complaint can be determinative of the issue.  *Id.*

The only feasible way that this case will exceed $75,000 is if the evidence shows that the attorney's fees could possibly exceed $50,000.  The Plaintiff has indicated that she believes her bad faith claim to be worth about $25,000 based on the jury's finding in *LeRette v. American Med. Security*, 705 N.W.2d 41 (Neb. 2005).  The Plaintiff also notes that it is likely that her bad faith claim will be dismissed because of a reasonable dispute regarding whether the medical expenses were a result of a pre-existing condition. Regarding the Plaintiff's claim for statutory attorneys' fees, Plaintiff's counsel has provided an affidavit indicating that he expects attorney's fees in this matter to be between $10,000 and $20,000.  The Defendant's assertion that attorney's fees in this matter will exceed $50,000 is unsupported by any evidence and is complete conjecture.  In light of the Plaintiff's actual damages of under $12,000 and her attorney's assertion that he expects

attorney's fees to range between $10,000 and $20,000, the Defendant has not proven that attorney's fee will exceed $50,000. At the upmost end, the evidence shows that the Plaintiff may be entitled to recover under $60,000, well short of the amount required for this Court to exercise jurisdiction. The Defendant has failed to show that the combined claim in this matter could exceed the $75,000 threshold by a preponderance of the evidence. *In re Minn. Mut. Life Ins. Co. Sales Practices Litig*. 346 F.3d 830, 834 (8th Cir. 2003).

Because Judge Gossett fully, carefully, and correctly applied the law to the facts, the Court adopts the Report and Recommendation in its entirety. I conclude that remanding this matter to the County Court of Knox County, Nebraska, is the proper course.

**IT IS ORDERED**:

1. The Defendant's Objections to the Report and Recommendation (Filing No. 19) are overruled;

2. The Magistrate Judge's Report and Recommendation (Filing No. 18) is adopted in its entirety;

3. The Plaintiff's Motion to Remand (Filing No. 8) is granted; and

4. This matter is remanded to the County Court of Knox County, Nebraska.

DATED this 17th day of March, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge